# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND AMADEO, | 1:09-cv-01922-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JOHN DOE, et.al., | [Doc. 1] |
| Respondent. | |

Petitioner is civilly detained at Coalinga State Hospital pursuant to California's Sexually Violent Predator Act and is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### DISCUSSION

I.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

II. Failure to State Cognizable Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241

1

of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."

Petitioner's claims arise under California law.  First, he claims that he was not provided notice of the screening process under California Welfare and Institution Code section 6601, subsection (b).  Second, he claims that his Equal Protection rights were violated by the denial of the right to appeal through the administrative appellate process.  Such claims involve questions of purely state law and are not cognizable via section 2254.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state.'"), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990).  "[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution."  Sawyer v. Smith, 497 U.S. 227, 239 (1990), quoting, Dugger v. Adams, 489 U.S. 401, 409 (1989); see also 28 U.S.C. § 2254.  Therefore, the petition fails to state a cognizable federal claim and must be dismissed.

## RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED/RECOMMENDED that:

1. The instant petition for writ of habeas be DISMISSED; and,

2. The Clerk of Court be DIRECTED to terminate this action in its entirety.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with

///
///
///
///
///
///
///

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **November 9, 2009**             /s/ Dennis L. Beck
                                           UNITED STATES MAGISTRATE JUDGE